THE GREAT AMERICAN INDEMNITY CO., ET AL., Petitioners, v. DISTRICT COURT OF HUMACAO, Respondent.

No. 990. Argued December 27, 1934.—Decided January 18, 1935.

*J. Valldejuli Rodríguez* for petitioners. *J. Paniagua Serracante* and
*V. Géigel Polanco* for plaintiff in the main action.

MR. JUSTICE ALDREY delivered the opinion of the Court.

██ On petition of employer Garzot & Fuertes and its
insurer the Great American Indemnity Co., we have issued
a writ of certiorari against the District Court of Humacao,
to review the proceedings and judgment on a case prosecuted
by the heirs of Andrés Astacio to recover damages for the
death of their father, occurred in consequence of an accident
that he suffered during the course of his employment. Those
heirs now request us to quash the writ issued.

The Industrial Commission, through two of its three
members, denied the petition of the heirs of the workman on
the ground that from the evidence introduced it did not ap-
pear that the death of Andrés Astacio was the result of an
accident suffered in the course of his employment, nor that
he nor any other person did notify his employer of the fact
that he had suffered an accident in the course of his employ-
ment, until a few days after his death.

When the District Court of Humacao heard this case on
appeal, a right granted by law and taken advantage of by
the heirs of the workman, it rendered judgment holding that
the evidence that the Industrial Commission had before it
was sufficient to prove that Andrés Astacio died in conse-
quence of an injury received while working for his employer
Garzot & Fuertes, and that the workman was not obliged by
law to notify the employer of the accident, whereupon it de-
creed that the employer or insurer should deposit in court
the amount of $1,800 to be paid as damages to the heirs of
said workman.

The petitioners do not allege any procedural error con-
mitted by the lower court, and as we are dealing in the in-

stant case with a writ of certiorari and not with an appeal, for the law does not allow them from judgments by the district court in cases like the instant one, we shall not examine the evidence. What the employer and its insurer maintain is that the District Court of Humacao was precluded from passing upon the evidence that the Industrial Commission had before it in order to make its own findings. We understand this contention in the sense that the district court lacked jurisdiction to review the evidence submitted to the Industrial Commission and hence, to arrive at a different conclusion from that reached by a majority of the commission. However, this question has already been decided by us contrary to the contention of the petitioners. In the cases of *White Star Bus Line, Inc.*, v. *District Court*, 41 P.R.R. 527; *Robles* v. *District Court*, 43 P.R.R. 266, and *Robles* v. *District Court*, 44 P.R.R. 940, we have held that the court may review the evidence and render the decision that the Industrial Commission should have rendered.

Another of the grounds alleged by the petitioners of the writ of certiorari is that neither the employer nor the insurer had an opportunity to examine or investigate the accident, if it did take place, because the notificación to the employer was given after the workman had been buried. We may consider this question as it alleges that in the absence of said notification to the employer the court has no authority to award damages to the heirs of the workman.

The lower court does not state in its judgment whether notice was or was not given to the employer.

There is no provision in our Workmen's Compensation Act that imposes the duty on the workman to notify his employer, and that upon failure to do so, that he will lose his right to any damages that may correspond to him. Perhaps such a duty should exist as a provision of law, as it has been declared by the legislatures of many states, thus obviating that notice of an accident will arrive to the employer sometime after the death of the employee, thus subjecting the em-

ployer to the danger of being unable to prove that no such employment accident did occur, or that the death of the workman was not in consequence of the accident for which damages are claimed, or also to furnish medical assistance to the workman in order to avoid serious consequences. Such a provision is the function of the Legislative Branch. It will suffice us to say that since the law does not impose such duty on the workman, he is under no obligation to give said notice to his employer, whereby it is of no consequence whether he did or did not give it. It is true that Section 5 of that act provides that during the period of disability the injured workman shall submit to treatment and examination by a competent physician-surgeon designated by the employer, the insurer or the Industrial Commission; but in the case at bar the employer and its insurer do not complain of a refusal of the workman to submit to treatment or examination by their physician, but that they had no notice of the accident until a few days after the death of the employee, which occurred ten days after the accident and for which his heirs now claim damages.

██ The petitioners further allege that the conduct of the district court deprives them of their property without due process of law, inasmuch as neither the amount of damages nor the possibilities of life of the workman were discussed before the Industrial Commission. However, the facts necessary to assess the damages appear from the record of the commission to such an extent that in the dissenting opinion the amount of damages is assessed, which amount was somewhat larger than that granted by the court. But, besides what we have stated, we have already decided in the case of *Robles* v. *District Court*, 43 P.R.R. 266, *supra*, that the error of the district court in assessing the damages, if any, is not one of procedure or jurisdiction that will justify a writ of certiorari against said court.

In consequence of what has been stated we must quash the writ of certiorari issued in this case.